JOSEPH B. STADTMAUER, Appellant, *v.* " JOSEPH " LUKIN, First Name of Defendant Fictitious, etc., Respondent.

Supreme Court, Appellate Term, First Department, December 30, 1925.

**Bills and notes — action on check given to plaintiff by defendant on condition it would not be used for week — defendant stopped payment upon plaintiff's attempt to have check certified on day following delivery — violation of condition by plaintiff warranted defendant in stopping payment.**

In an action upon a check given to the plaintiff by the defendant on the express condition that it should not be used for a week, said defendant was warranted in stopping the payment thereof on the day following its execution and delivery where said defendant met the plaintiff at defendant's bank and was told by said defendant that he had come to have the check certified, since there was a violation of the condition upon which the check was delivered.

CHURCHILL, J., dissents, with opinion.

APPEAL by plaintiff from a judgment of the Municipal Court, Borough of Manhattan, Fifth District, in favor of defendant, after a trial by a judge without a jury.

*Gerald G. Schwartz*, for the appellant.

No appearance for the respondent.

BIJUR, J.    This action was brought upon a check.    Defendant, whose testimony was evidently believed, testified that he gave the check in suit on a Sunday upon the express condition that it should not be used until the following Saturday.    Nevertheless on the Monday succeeding the day of the making and delivery of the check defendant met the payee at defendant's bank and the payee said that he had come to have the check certified, whereupon the defendant stopped payment.

The check having been made and delivered upon a condition, whether it be called a condition precedent or a condition subsequent, and the condition violated by the payee, it seems to me to be clear that defendant had a right to rescind the transaction to that extent at least and to stop payment of the check.

The judgment, therefore, should be affirmed, with twenty-five dollars costs.

LEVY, J., concurs; CHURCHILL, J., dissents in opinion.

CHURCHILL, J. (dissenting).    Plaintiff sued on a check drawn by defendant to the order of one Everett who indorsed and delivered it to one Statmore.    Statmore, in turn, indorsed and delivered the check to plaintiff.    It was presented to the bank and payment

was demanded and refused, whereupon this action was commenced. The defenses were, first, that the check had been delivered to the payee on condition that it was not to be used unless a written contract for the purchase of real property should be executed or unless defendant should unreasonably refuse to enter into the contract. It was alleged that plaintiff had full knowledge of the facts. It was not alleged, however, that the contract was not subsequently executed. Obviously, this so-called defense did not state facts sufficient to constitute a defense against anybody. The second defense was lack of consideration, of which plaintiff was alleged to have had knowledge.

On the trial there was evidence from which the court might, perhaps, have inferred that plaintiff had knowledge of the material facts surrounding the transaction but the difficulty with the recovery is that there was no evidence of facts sufficient to constitute a defense even as against the original holder.

For the defendant it was proved that the check was given as a deposit upon the purchase of certain real property for $11,000; that the contract was to have been signed on March twenty-eighth, when a balance of $350 was to have been paid in cash; that the check was given on March twenty-first, on condition that it should not be used until the following Saturday, when the contract was to have been signed; that on the Monday following the giving of the check defendant found that Statmore, · the first indorser, was attempting to certify the check and defendant thereupon stopped payment. I assume, from the evidence, that the contract of purchase was never entered into. If so, so far as the evidence shows, it was for reasons which in no way justified the defendant's refusal to go on. It is, therefore, a case where defendant gave a check as part of the purchase price of property, the purchase of which he thereafter unjustifiably refused to complete. Hence he had no defense to the check even in the hands of the original payee. The fact that one of the holders attempted to certify the check prematurely and in violation of the agreement not to use it before March twenty-eighth is of no importance. Certification was not accomplished and the date so limited had passed before this action was commenced. The question before the court was whether, after March twenty-eighth, there was any defense to the check, and, as I have shown, there was none.

The judgment should be reversed, with thirty dollars costs, and judgment should be directed for plaintiff, with costs.